**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-4996**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

FRANK JUNIOR DEGRAFFENREID,

              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Thomas D. Schroeder,
District Judge.  (1:13-cr-00147-TDS-1)

─────────────

Submitted:  August 26, 2014          Decided:  August 28, 2014

─────────────

Before WILKINSON and THACKER, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Louis C. Allen, Federal Public Defender, John A. Duberstein,
Assistant Federal Public Defender, Greensboro, North Carolina,
for Appellant.  Ripley Rand, United States Attorney, Graham T.
Green, Assistant United States Attorney, Winston-Salem, North
Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frank Junior Degraffenreid pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012), and reserved the right to appeal the district court's denial of his motion to suppress. Degraffenreid claimed that officers impermissibly extended the traffic stop occasioning their discovery of the firearm. The district court disagreed, finding that any unjustified delay in the completion of the stop was de minimis and, therefore, not violative of Degraffenreid's Fourth Amendment rights.[*] We affirm.

We review the district court's legal conclusions de novo and its underlying factual findings for clear error. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). "We . . . construe the evidence in the light most favorable to the Government, the prevailing party below." Id.

Degraffenreid does not contest the validity of the stop. See United States v. Digiovanni, 650 F.3d 498, 506 (4th Cir. 2011). Once justified at its inception, "a traffic stop

---

[*] We agree with the Government that Degraffenreid expressly waived his contention that officers lacked the reasonable suspicion necessary to frisk him for weapons during the traffic stop by specifically confirming to the district court that he was only challenging the stop's duration. See United States v. Claridy, 601 F.3d 276, 284 n.2 (4th Cir. 2010).

2

must be limited in both scope and duration." United States v. Green, 740 F.3d 275, 280 (4th Cir. 2014) (internal quotation marks omitted), petition for cert. filed, __ U.S.L.W. __ (U.S. Apr. 10, 2014) (No. 14-5165). An officer must diligently perform the necessities of investigating and completing a traffic stop and may not materially deviate from that purpose unless he has reasonable suspicion to do so. Id.

Here, Degraffenreid does not contend that the officers' activities leading up to his frisk exceeded the scope of the traffic stop. Moreover, Degraffenreid points to no evidence contradicting the district court's determination that the officers did not intentionally stall the stop to allow time for a drug-detection dog to arrive on the scene. Although the officers may have hoped for this result, their subjective desires have no bearing on the reasonableness of the seizure. See Whren v. United States, 517 U.S. 806, 813 (1996). Nor does Degraffenreid's speculation about which portions of the otherwise proper stop officers might have omitted in order to speed its completion. See United States v. Guijon-Ortiz, 660 F.3d 757, 770 (4th Cir. 2011) (explaining that "[t]he reasonableness of a seizure depends on what the police do, not on what they might have done" (internal quotation marks omitted)).

3

Accordingly, we conclude that the district court did not clearly err in determining that, at most, Degraffenreid was detained for one to two minutes longer than necessary. Considering that the officer issuing the warning ticket had not yet explained the ticket to the driver when Degraffenreid was searched, we agree that such a delay was de minimis and constitutional. See Green, 740 F.3d at 280-81; Guijon-Ortiz, 660 F.3d at 768-70. We therefore affirm the district court's judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED